# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
### Columbus

| | |
|---|---|
| PAVAN K. GADDAM<br><br>SWATHI LOKA,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve: USCIS<br>       Office of the Chief Counsel<br>       5900 Capital Gateway Drive<br>       Mail Stop 2120<br>       Camp Springs, MD 20588-0009<br><br>KIKA SCOTT, Director of the United States Citizenship and Immigration Services,<br><br>Serve: USCIS<br>       Office of the Chief Counsel<br>       5900 Capital Gateway Drive<br>       Mail Stop 2120<br>       Camp Springs, MD 20588-0009<br><br>and,<br><br>TERRI ROBINSON, Director of the United States Citizenship and Immigration Services National Benefits Center,<br><br>Serve:  USCIS National Benefits Center<br>        850 NW Chipman Rd<br>        Suite 5000<br>        Lee's Summit, MO, 64063 | Case No. |

Defendants.

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' APPLICATIONS TO ADJUST STATUS**

Plaintiffs Pavan K. Gaddam and Swathi Loka respectfully request that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications to adjust status.

## PARTIES

1. Plaintiffs Pavan K. Gaddam and Swathi Loka are citizens of India.

2. Plaintiffs' Alien Numbers are 206-379-180 and 204-821-378.

3. Plaintiffs Pavan K. Gaddam and Swathi Loka reside at 288 McElhinny Ln., Lewis Center, OH 43035.

4. Plaintiff Pavan K. Gaddam's employer filed an I-140 Petition for Alien Worker on or about November 4, 2022 on his behalf, including Plaintiff Swathi Loka as a derivative. Defendants assigned Receipt Number LIN2390031557 to the I-140 case.

5. Plaintiffs filed timely I-485 Applications for Adjustment of Status on October 22, 2020. Defendants assigned Receipt Numbers MSC2190335049 and MSC2190335052 to Plaintiffs' applications.

6. The U.S. Citizenship and Immigration Services completed the fingerprinting and photographing of Pavan K. Gaddam and Swathi Loka as part of the processing of the pending applications.

7. Defendants approved the I-140 petition on or about February 17, 2023. The priority date is March 25, 2013, and is current in the State Department's April 2025 visa bulletin.

8. Plaintiffs filed an I-485J on or about March 28, 2025.

9. Since then, the Defendants have taken no action on the pending adjustment applications. The Defendants have refused and continue to refuse to conduct an interview and make a decision on the cases.

10. Since Pavan K. Gaddam and Swathi Loka filed the applications with USCIS, they have made repeated requests to have the cases finally adjudicated.

11. Despite numerous calls to the U.S. Citizenship and Immigration Services and their attempts to prompt movement on the case, Pavan K. Gaddam and Swathi Loka's applications to adjust status have remained pending far longer than is reasonable.

12. USCIS has refused to adjudicate Pavan K. Gaddam and Swathi Loka's applications in accordance with applicable legal criteria.

13. Plaintiffs bring this action to compel the USCIS to finally adjudicate the pending applications as required by law.

14. Defendant United States Citizenship and Immigration Services ("USCIS") is the component of the U.S. Department of Homeland Security ("DHS") that is responsible for processing adjustment of status applications.

15. Defendant Kika Scott, Director of the USCIS, is the highest-ranking official within the USCIS. Kika Scott is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Kika Scott is sued in an official capacity as an agent of the government of the United States.

16. Defendant Terri Robinson is the Director of the USCIS National Benefits Center and is sued only in an official capacity as an agent of the government of the United States, as well as any successors and assignments. The USCIS National Benefits Center

has jurisdiction over applications for adjustment of status for immigrants in Lewis Center, OH, where Plaintiffs reside. Terri Robinson is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.

## JURISDICTION AND VENUE

17.     This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

18.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiffs reside within this district.

## FIRST CLAIM FOR RELIEF
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

19.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

20.     The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

21.     The APA permits this Honorable Court to "compel agency action

unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

22. Plaintiffs allege that the applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status applications.

23. The combined delay and failure to act on Pavan K. Gaddam and Swathi Loka's adjustment of status applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

24. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

25. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiffs allege and state as follows:

26. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

27. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

28. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

29. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S., and in various other ways. Due to this ongoing delay and uncertainty, Plaintiffs have suffered significant financial hardship and emotional distress as they are unable to advance in their careers, have missed opportunities for promotions, and cannot make permanent plans to reside and work in the United States until the I-485s are adjudicated.

## **REQUEST FOR RELIEF**

FURTHERMORE, Plaintiffs Pavan K. Gaddam and Swathi Loka request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Pavan K. Gaddam and Swathi Loka's applications to adjust status within sixty days;

3. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Pavan K. Gaddam and Swathi Loka;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the applications to adjust status;

5. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

6. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
April 14, 2025

*/s/ **Thomas E. Raisbeck***
Thomas E. Raisbeck, Esq.
Lane, Felix & Raisbeck Co., L.P.A.
4931 Delhi Pike
Cincinnati, Ohio 45238
Telephone (513) 922-7700
Fax (513) 922-4607
Email: Tomraisbeck@lfrlaw.com

*/s/ **James O. Hacking, III***
James O. Hacking, III
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**